*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 18, 2014          103858
                                                105621
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

ERIK M. MANCHESTER,
                    Appellant.
_____

Calendar Date:  October 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____

        Thomas F. Garner, Middleburgh, for appellant.

        John M. Muehl, District Attorney, Cooperstown (Michael F.
Getman of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeals (1) from a judgment of the County Court of Otsego
County (Burns, J.), rendered October 15, 2010, upon a verdict
convicting defendant of the crime of assault in the second
degree, and (2) by permission, from an order of said court,
entered February 19, 2013, which denied defendant's motion
pursuant to CPL 440.10 to vacate the judgment of conviction,
without a hearing.

        Late in the evening of April 14, 2009, the victim rode a
small motorized dirt bike up defendant's driveway in the Town of
Worcester, Otsego County.  The victim had ridden from the
property of defendant's neighbors, who had an acrimonious
relationship with defendant and where defendant's former (the

victim's current) girlfriend resided.  Defendant exited his house, knocked the victim off the bike, threatened to kill him and, as the victim fled, fired four rounds from a 12 gauge shotgun loaded with bird-shot shells.  Three of the shots — a total of over 50 pellets — struck the victim in his back and head.  A two-count indictment charged defendant with attempted assault in the first degree and assault in the second degree.  A jury found him guilty of assault in the second degree and he was sentenced to six years in prison as well as 1½ years of postrelease supervision.  His subsequent CPL article 440 motion alleging, among other things, ineffective assistance of trial counsel was denied without a hearing.  Defendant appeals from his judgment of conviction and, by permission, from the denial of his CPL article 440 motion.

Defendant's motion to dismiss on statutory speedy trial grounds was properly denied.  Where, as here, a felony is charged, the People must be ready within six months (see CPL 30.30 [1] [a]).  "Whether the People complied with this obligation is determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Sydlar, 106 AD3d 1368, 1369 [2013], lv dismissed 21 NY3d 1046 [2013] [internal quotation marks and citations omitted]; accord People v Fehr, 45 AD3d 920, 922 [2007], lv denied 10 NY3d 764 [2008]).  Delays caused by the defendant's requests for adjustments are excluded (see CPL 30.30 [4] [b]).  Defendant was arrested and arraigned on felony complaints on April 15, 2009, indicted on November 4, 2009 and the People declared their readiness on November 13, 2009, which was 212 days after the filing of the first accusatory instrument.  However, defendant made three successive written requests for adjournments of court appearances on May 12, 2009, June 9, 2009 and July 14, 2009.  Although the length of the last adjournment is not clear from the record, even limiting the total adjournment time requested by defendant to the period from May 12, 2009 to July 14, 2009, an adequate number of days (63) results to reduce the

time chargeable to the People to 149, which is within the statutory limit. Moreover, there was no showing of postreadiness delay chargeable to the People (see People v Pope, 96 AD3d 1231, 1233 [2012], lv denied 20 NY3d 1064 [2013]).

The evidence was legally sufficient to support the conviction and the jury's verdict was not against the weight of the evidence. When considering whether evidence was legally sufficient, we view the evidence in the light most favorable to the People and determine whether "'any valid line of reasoning and permissible inferences . . . could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial'" (People v Ramos, 19 NY3d 133, 136 [2012], quoting People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant argues that the proof was insufficient to establish the "physical injury" and "dangerous instrument" elements of second degree assault (see Penal Law § 120.05 [2]; see also Penal Law § 10.00 [9], [13]).[1] The victim testified that, after being shot, he experienced extreme pain, was covered in blood, had trouble breathing and thought he was going to die. He was treated at an emergency room where medical personnel elected not to remove the pellets from his skin for fear of causing greater damage. The victim stated at trial that he still has pellets under his scalp, which caused him great discomfort and headaches, and that it was very painful when the pellets eventually worked their way to the surface of his skin. The proof was clearly sufficient to establish that the victim suffered a physical injury within the meaning of the statute (see e.g. People v Chiddick, 8 NY3d 445, 447 [2007]), as well as that a 12 gauge shotgun loaded with bird-shot constituted a dangerous instrument (see e.g. People v Perez, 93 AD3d 1032, 1035 [2012], lv denied 19 NY3d 1000 [2012] [operational BB gun can constitute a dangerous instrument]). Moreover, after viewing the evidence in a neutral light and independently weighing the evidence, while giving deference to

---

[1] The case was presented upon the theory that the shotgun was a "dangerous instrument," and the jury was not charged regarding a "deadly weapon" (Penal Law § 10.00 [12]; see Penal Law § 120.05 [2]).

the jury's assessment of credibility, we are unpersuaded that the
verdict was against the weight of the evidence (see People v
Bleakley, 69 NY2d at 495).

County Court did not err in denying defendant's motion for
a mistrial. A taped interview of defendant by police was
received into evidence and started to be played for the jury
until defendant mentioned in the interview that he had previously
gone to court. Defense counsel immediately objected upon the
ground that Sandoval material was implicated and the People had
stated before trial that they did not intend to offer Sandoval
material. County Court noted that the jury had heard only that
defendant went to court, which could be for a civil matter or
other reasons unrelated to any criminal charges against him.
After listening to more of the interview outside the presence of
the jury, County Court suppressed any further playing of the tape
and gave the jury a detailed curative instruction. In light of
the fact that the jury never heard that defendant's prior court
appearance involved a criminal matter and the timely curative
action taken by County Court, defendant was not deprived of a
fair trial by the partial playing of his interview with police
(see People v Santiago, 52 NY2d 865, 866 [1981]; People v
Peterson, 118 AD3d 1151, 1155-1156 [2014]).

Defendant's contention that County Court's jury
instructions were defective was not preserved for our review (see
People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062
[2014]). In any event, the court's "charge, as given, was
sufficient to allow 'the jury . . . [to] gather from its language
the correct rules which should be applied in arriving at [a]
decision'" (People v Dickson, 58 AD3d 1016, 1018 [2009], lv
denied 12 NY3d 852 [2009], quoting People v Russell, 266 NY 147,
153 [1934]; see People v Allah, 126 AD2d 778, 781-782 [1987], lv
denied 69 NY2d 876 [1987]).

Defendant makes cursory reference to a series of purported
errors that he asserts deprived him of a fair trial. We are
unpersuaded. The 12-hour delay between when defendant initially
spoke to police after being read Miranda warnings and then again
spoke to police after being reminded of — but not reread —

Miranda warnings did not require suppression of his statements to police (see People v Gause, 38 AD3d 999, 1000 [2007]), lv denied 9 NY3d 865 [2007]). Review of the People's opening statement reveals that, contrary to defendant's contention, the statement sufficiently set forth the charges and facts that the People expected to prove (see People v Kurtz, 51 NY2d 380, 384 [1980], cert denied 451 US 911 [1981]; People v Adams, 139 AD2d 794, 795 [1988]). A juror, who belatedly recalled after being sworn that nearly 20 years earlier his daughter had been threatened by her former boyfriend, was adequately questioned by County Court and determined not to be grossly unqualified to continue to serve on the jury (see CPL 270.35 [1]; People v Buford, 69 NY2d 290, 298-299 [1987]). Defendant's contention that a curative instruction should have been given after a brief outcry from a spectator during the trial was not preserved by an objection or request for an instruction and, in any event, it is not clear at whom the outcry was directed and neither the outcry nor County Court's handling of it deprived defendant of a fair trial (see People v Jones, 100 AD3d 1362, 1365 [2012], lv denied 21 NY3d 1005 [2013], cert denied ___ US ___, 134 S Ct 694 [2013]). No reasonable view of the evidence supported a justification charge for the defense of a person and, thus, County Court did not err in refusing to give such a charge (see Penal Law § 35.15; People v Ramirez, 118 AD3d 1108, 1112 [2014]; People v Johnson, 91 AD3d 1121, 1122 [2012], lv denied 18 NY3d 959 [2012]). Review of defendant's remaining assertions regarding trial errors reveals no reversible error.

Next, we consider defendant's ineffective assistance of counsel argument. A defendant's constitutional right in such regard is satisfied "'[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of representation, reveal that the attorney provided meaningful representation'" (People v Henry, 95 NY2d 563, 565 [2000], quoting People v Baldi, 54 NY2d 137, 147 [1981]). A hearing is not required on a CPL article 440 motion when the merits of the claimed ineffectiveness can "be determined on the trial record and defendant's submissions on the motion" (People v Satterfield, 66 NY2d 796, 799 [1985]; see People v Robetoy, 48 AD3d 881, 883 [2008]). Here, the record reveals that counsel

made pretrial motions and successfully had some evidence suppressed, set forth a cogent opening statement, interjected timely and sustained objections as well as successful trial motions, and articulated a cogent closing argument. Defendant nevertheless contends that the victim's animosity toward him could have been better developed, and an expert might have testified that the three shots that hit the victim all bounced off the ground. These and defendant's other contentions reflect second-guessing of trial strategy with the clarity of hindsight, which does not constitute ineffectiveness (see People v Benevento, 91 NY2d 708, 712 [1998]). "'[V]iewed objectively, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney'" (People v Barboni, 21 NY3d 393, 406 [2013], quoting People v Satterfield, 66 NY2d at 799).

The sentence, which was less than the maximum, was not an abuse of discretion and, given defendant's act of repeatedly shooting the victim, we find no extraordinary circumstances that would warrant a reduction thereof (see People v Fields, 68 AD3d 1537, 1538 [2009], lv denied 14 NY3d 887 [2010]).

Garry, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court