*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    106806
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

RAMAL B. ABDULLAH,
                    Appellant.
_____


Calendar Date:   September 17, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                        _____


        Steven C. Buitron, Syracuse, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Rita M.
Basile of counsel), for respondent.

                        _____


Rose, J.

        Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered November 20, 2013, upon two verdicts
convicting defendant of the crimes of criminal possession of a
controlled substance in the fifth degree, criminal possession of
a controlled substance in the seventh degree, resisting arrest
and aggravated unlicensed operation of a motor vehicle in the
third degree (two counts).

        In April 2012, defendant was charged by a multicount
indictment with various crimes stemming from a series of
encounters with police in December 2010, March 2011, April 2011
and October 2011.  Defendant thereafter made multiple motions to
dismiss the indictment on speedy trial grounds and alternatively
moved for, among other things, severance from the remaining

charges of two counts of criminal possession of a controlled substance arising from his April 2011 arrest. County Court partially granted defendant's first speedy trial motion, dismissing two counts of the indictment stemming from the December 2010 and March 2011 incidents, and otherwise denied his remaining motions relevant to this appeal. A series of jury trials and resulting mistrials followed resulting in partial verdicts convicting defendant of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, resisting arrest and aggravated unlicensed operation of a motor vehicle in the third degree (two counts). Defendant was then sentenced, and he now appeals.

We cannot agree with defendant's contention that the People violated his statutory right to a speedy trial. Where, as here, a defendant is indicted on multiple charges, at least one of which is a felony, CPL 30.30 (1) (a) requires the People to declare their readiness for trial within six months of the commencement of the criminal action, which is marked by the filing of the first accusatory instrument (see CPL 1.20 [16], [17]; People v Cooper, 98 NY2d 541, 543 [2002]; People v Lowman, 103 AD3d 976, 976-977 [2013]). To determine whether the People timely declared readiness, courts must "compute[] the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtract[] any periods of delay that are excludable under the terms of the statute and then add[] to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Manchester, 123 AD3d 1285, 1286 [2014], lv denied 26 NY3d 931 [2015] [internal quotation marks and citations omitted]; see People v Carter, 91 NY2d 795, 798-799 [1998]).

Defendant was indicted on April 20, 2012 and the People declared their readiness for trial the same day. As relevant here, the indictment contained charges from two separate criminal actions, the earliest of which was commenced by the filing of a felony complaint on April 2, 2011. The People concede that they are chargeable for a prereadiness delay of 151 days between the filing of the complaint and a hearing scheduled for August 31, 2011. Defendant did not appear at that hearing, however,

prompting his counsel to request an adjournment, which was granted. At the next court appearance, on September 28, 2011, defendant was present, but he again was granted, at his counsel's request, a one-week adjournment to pursue further plea negotiations. In light of the fact that the foregoing delays were the result of adjournments "granted by the court at the request of, or with the consent of, . . . defendant or his counsel" (CPL 30.30 [4] [b]; see People v Kopciowski, 68 NY2d 615, 616-617 [1986]; People v Manchester, 123 AD3d at 1286-1287), the time period between August 31, 2011 and October 5, 2011 is not chargeable to the People.

On October 5, 2011, still unable to reach a plea agreement, defendant explicitly waived his speedy trial rights in open court to allow for more time to negotiate. On November 9, 2011, defense counsel informed the court that defendant had been arrested again on October 31, 2011 and that he was engaged in ongoing discussions with the People in an effort to "reach a global resolution." Between that time and April 20, 2012, the date on which defendant was indicted and the People declared their readiness for trial, negotiations apparently continued, as nothing in the record indicates that defendant ever rescinded his waiver. Thus, because "defendant[] . . . explicitly waived [his] speedy trial rights in order to complete ongoing plea negotiations," the time period between October 5, 2011 and April 20, 2012 is also excludable (People v Waldron, 6 NY3d 463, 467 [2006]; see People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]; People v Dougal, 266 AD2d 574, 576 [1999], lv denied 94 NY2d 879 [2000]).

As for defendant's allegations of postreadiness delays attributable to the People, we note that County Court originally scheduled defendant's trial to begin on November 26, 2012, but later rescheduled it for April 15, 2013 due to defendant's request for an adjournment, making this period of delay almost entirely attributable to defendant (see People v Simmons, 252 AD2d 825, 826 [1998]). While defendant correctly contends that the People were granted two postreadiness adjournments — totaling 11 days — during the same time period, even if we were to assume that "the cause of the[se] delay[s] directly implicate[d] the People's ability to proceed with trial" (People v Cortes, 80 NY2d

201, 210 [1992]; see People v Dushain, 239 AD2d 151, 153 [1997], lv denied 91 NY2d 1007 [1998]), and are, therefore, chargeable to the People, their declaration of readiness would still be timely pursuant to the requirements of CPL 30.30 (1) (a). Thus, defendant was not denied his statutory right to a speedy trial. Furthermore, upon consideration of the factors enunciated in People v Taranovich (37 NY2d 442, 445 [1975]), we find no constitutional speedy trial violation (see People v Mercer, 105 AD3d 1091, 1093 [2013], lv denied 21 NY3d 1017 [2013]; People v Pitt, 43 AD3d 1248, 1249 [2007], lv denied 9 NY3d 1008 [2007]).

Nor can we agree with defendant's argument that County Court erred in denying his motion to sever the two counts charging him with criminal possession of a controlled substance from the remainder of the indictment. Where, as here, offenses arise from separate criminal transactions, they are nonetheless joinable in a single indictment if, among other things, "proof of the first offense would be material and admissible as evidence in chief upon a trial of the second" (CPL 200.20 [2] [b]; see People v McCloud, 121 AD3d 1286, 1288-1289 [2014], lv denied 25 NY3d 1167 [2015]). On the occasion of each of the two separate criminal transactions here, defendant was operating with a suspended driver's license, which led to separate, additional charges of aggravated unlicensed operation of a motor vehicle in the third degree (hereinafter AUO). Inasmuch as evidence of the April 2011 AUO charge would be material and admissible in a trial on the October 2011 AUO charge (see Vehicle and Traffic Law § 511 [1]), those two charges were properly joined. Further, the drug possession charges were properly joined with the AUO charge that arose out of the same criminal transaction (see CPL 200.20 [2] [a]). Because the offenses were properly joined pursuant to CPL 200.20 (2) (a) and (b), "the court lacked statutory authority to sever [them]" (People v Bongarzone, 69 NY2d 892, 895 [1987]; see CPL 200.20 [3]).

Defendant's remaining claim of "malicious prosecution" is without merit.

Peters, P.J., McCarthy and Garry, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court