People v Pentalow (2021 NY Slip Op 04264)





People v Pentalow


2021 NY Slip Op 04264


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

111901
[*1]The People of the State of New York, Respondent,
v
Kevin Pentalow Jr., Appellant.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

E. Stewart Jones Hacker Murphy LLP, Troy (Julie Nociolo of counsel), for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Franklin County (Champagne, J.), rendered September 30, 2019, upon a verdict convicting defendant of the crime of driving while intoxicated (two counts).
Late on October 11, 2018, defendant was involved in a physical altercation. He drove away from the scene in his vehicle, returned a short time later on a bicycle and offered money to the other people involved in the altercation; the witnesses disagreed as to whether the money was offered to resolve the problem that led to the altercation, to pay for medical care for a person injured in the altercation or as a bribe to keep the others from reporting the incident to the police. As a result of this incident, defendant was charged in Moira Town Court with assault in the third degree, harassment in the second degree and two counts of driving while intoxicated (hereinafter DWI). A few months later, defendant was charged by indictment with attempted bribing a witness, assault in the third degree, harassment in the second degree and DWI (two counts). Following a jury trial, defendant was convicted of both counts of DWI but acquitted of the other counts. County Court sentenced him to fines and concurrent jail terms of 120 days for each DWI conviction. Defendant appeals.
Defendant's statutory speedy trial claim is unpreserved as he failed to raise it before County Court (see People v Dillon, 167 AD3d 1564, 1564 [2018], lv denied 33 NY3d 947 [2019]; People v Gates, 238 AD2d 729, 731 [1997], lv denied 90 NY2d 905 [1997]; see also People v Beasley, 16 NY3d 289, 292 [2011]). However, "[a] single error of failing to raise a meritorious speedy trial claim is sufficiently egregious to amount to ineffective assistance of counsel" (People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]; accord People v Devino, 110 AD3d 1146, 1147 [2013]; see People v Matteson, 166 AD3d 1300, 1301 [2018]). Therefore, while noting that the record is less than ideal as to the speedy trial claim due to it not having been raised in the trial court, we must address the merits of that claim to resolve defendant's argument that he was deprived of effective assistance.
Pursuant to CPL 30.30 (1) (b), the People have 90 days to declare their readiness for trial after "the commencement of a criminal action wherein a defendant is accused of . . . a misdemeanor punishable by a sentence of imprisonment of more than three months." In contrast, the People must announce readiness within six months of "the commencement of a criminal action wherein a defendant is accused of . . . a felony" (CPL 30.30 [1] [a]). "Whether the People complied with this obligation is determined by computing the time elapsed from the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to [*2]the People and are ineligible for an exclusion" (People v Pope, 96 AD3d 1231, 1232 [2012] [internal quotation marks and citations omitted], lv denied 20 NY3d 1064 [2013]).
This action was commenced on October 12, 2018.[FN1] In an October 19, 2018 letter to defendant, copied to Town Court, the People first advised that they were ready for trial.[FN2] This announcement of readiness was valid even though defendant had not yet been arraigned (see People v Goss, 87 NY2d 792, 794 [1996]). In an October 30, 2018 letter sent to defense counsel and copied to Town Court, the People extended a plea offer and noted that, if the offer was unacceptable, they remained ready for trial. The prereadiness delay, from October 12 to October 19, was only seven days.
However, the People are chargeable with some postreadiness delay. At an appearance on November 19, 2019, the People requested an adjournment to present the matter to a grand jury. The grand jury handed up an indictment on February 6, 2019. The People filed a February 15, 2019 memorandum of readiness on the indictment. They also announced readiness orally on the record at defendant's March 6, 2019 arraignment on the indictment. The People are chargeable with postreadiness delay — from November 19, 2018 through February 15, 2019 — of 78 days. Adding the prereadiness and postreadiness delays attributable to the People results in a total of 85 days. Thus, regardless of whether the misdemeanor or felony speedy trial calculation is utilized,[FN3] defendant's statutory right to a speedy trial was not violated. Accordingly, counsel was not ineffective for failing to make a speedy trial motion, as such a motion would not have been successful (see People v Lydecker, 116 AD3d 1160, 1161-1162 [2014], lv denied 24 NY3d 962 [2014]; People v Jackson, 64 AD3d 1248, 1250 [2009], lv denied 13 NY3d 745 [2009]; compare People v Smart, 163 AD3d 1039, 1040 [2018]; People v Devino, 110 AD3d at 1148-1149).
Turning to the merits, "[a] legal sufficiency challenge requires [this Court] to view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (People v Stahli, 159 AD3d 1055, 1055-1056 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 1088 [2018]). A weight of the evidence challenge "requires [this Court] to assess whether acquittal was a reasonable possibility and, if so, to weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony in deciding whether the verdict was justified" (id. at 1056 [internal quotation marks and citations omitted]). "When conducting this review, we consider the evidence in a neutral light [*3]and defer to the jury's credibility assessments" (People v McMillan, 185 AD3d 1208, 1209 [2020] [internal quotation marks and citations omitted], lvs denied 35 NY3d 1112, 1114 [2020]).
An individual is guilty of DWI per se when that person "operate[s] a motor vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's . . . breath" (Vehicle and Traffic Law § 1192 [2]). A person is guilty of DWI pursuant to Vehicle and Traffic Law § 1192 (3) when he or she "operate[s] a motor vehicle while in an intoxicated condition" (see People v Carota, 93 AD3d 1072, 1073 [2012]). "Generally, a driving while intoxicated verdict must be supported by evidence that [the] defendant was in an intoxicated condition when he or she operated the vehicle" (People v Farnsworth, 134 AD3d 1302, 1303-1304 [2015] [citations omitted], lv denied 27 NY3d 1068 [2016]).
Numerous witnesses testified that, after the altercation, defendant drove his vehicle away from the scene. One of the individuals involved in the altercation testified that, prior thereto, defendant asked for and received a can of beer, opened it and drank from it. That individual observed that it appeared that defendant had already been drinking and defendant told the witness that he had "finished off a bottle of wine." A disinterested witness testified that when defendant left, he drove on the left side of the road, "on the sidewalk basically." Another disinterested witness testified that defendant did not drive on the sidewalk, but he drove through parking spots in an area where people are not supposed to drive. Most of the witnesses, including defendant, testified that he returned on his bicycle within 5 to 10 minutes. Two state troopers, who were on the scene 10 minutes after being called, testified that they detected an odor of alcoholic beverage emanating from defendant and observed that his eyes were red and glassy, his eyelids drooped, he had slurred speech and appeared intoxicated. When asked whether he had been drinking, defendant told a trooper that he had consumed "a tallboy" beer and "a few glasses of wine." That trooper, who had been trained to administer field sobriety tests and chemical tests, testified that defendant failed three field sobriety tests and that breathalyzer testing, conducted at 1:23 a.m., revealed that defendant had a blood alcohol content of .13%. That test result was "sufficient to establish a prima facie violation of Vehicle and Traffic Law § 1192 (2)" (People v Menegan, 107 AD3d 1166, 1170 [2013]). Taken together with the testimony regarding defendant's appearance, odor and actions, the People produced legally sufficient evidence to establish both DWI charges (see People v Ormsby, 119 AD3d 1159, 1160 [2014], lv denied 24 NY3d 963 [2014]; People v Menegan, 107 AD3d at 1170).
Regarding the weight of the evidence, an acquittal would not have been unreasonable if the jury had [*4]believed defendant's testimony, including that he drank one tall beer and some tiny shot glasses of wine prior to the altercation, but this drinking occurred earlier in the evening. He also testified that he was upset after the altercation, so he went home and drank whiskey out of the bottle before returning to the scene. Defendant acknowledged that he told the trooper about the beer and wine but did not mention the whiskey. Defendant also testified that he was not intoxicated when he drove, and he did not drive over the sidewalk but did drive over a parking area. The jury was entitled to reject portions of defendant's testimony, including that addressing the propriety of his driving and the timing of his alcohol consumption that night (see People v Colburn, 123 AD3d 1292, 1294 [2014], lv denied 25 NY3d 950 [2015]). Giving deference to the jury's credibility determinations, the convictions on both counts of DWI are in accord with the weight of the evidence (see People v Mink, 175 AD3d 1612, 1613 [2019], lv denied 34 NY3d 982 [2019]; People v Menegan, 107 AD3d at 1170).
Defendant's contention that he was punished for exercising his right to go to trial is unpreserved (see People v Lancaster, 143 AD3d 1046, 1053-1054 [2016], lv denied 28 NY3d 1147 [2017]). At sentencing, County Court noted that defendant had some minor criminal history. The court also noted that defendant was employed as a state correction officer and was an elected official, and that his actions violated his oath of office and put the citizens of his own village in harm's way. Under the circumstances, we do not find concurrent jail sentences of 120 days for each DWI conviction to be harsh or excessive (see People v Tetreault, 131 AD3d 1327, 1328 [2015]; People v La Veglia, 215 AD2d 836, 837 [1995]).
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Franklin County for further proceedings pursuant to CPL 460.50 (5).



Footnotes

Footnote 1: Defendant was apparently arrested shortly before midnight on October 11, 2018. The original accusatory instruments charging defendant with the misdemeanors and a violation are not contained in the record on appeal. The record does contain numerous items of correspondence sent by the People to defendant and Moira Town Court, each of which refers to the relevant date as "10/12/2018." Accordingly, we accept that as the date that this criminal action was commenced (see CPL 1.20 [17]).

Footnote 2: Defendant asserts that this letter did not provide proper notice, as it was sent to defendant rather than his counsel (see People v Kendzia, 64 NY2d 331, 337 [1985] [noting that "written notice of readiness [must be] sent by the prosecutor to both defense counsel and the appropriate court clerk"]). Although the record contains a letter and notice of appearance dated October 15, 2018 from counsel to Town Court, copied to the People, advising that counsel had been retained, the People's October 19, 2018 letter to defendant specifically states that "[t]his office has no record of any attorney appearing on your behalf in this matter. Therefore, I am sending this [n]otice directly to you. If you have retained an attorney, I strongly suggest you show this document to your attorney as soon as possible." Based on the information apparently available to the People regarding defendant's lack of representation at the time, we cannot conclude that they erred by providing notice of readiness directly to defendant in the October 19 letter.

Footnote 3: Defendant contends that the statute's misdemeanor time of 90 days must be used because, he alleges, more than 90 days elapsed following the filing of the initial accusatory instruments and before a felony indictment was secured. The Court of Appeals has noted that, in CPL 30.30, "the phrase, 'commencement of a criminal action' is used only as a starting point for the People's time to be ready. The determinative factor is not the initial charge but the level of crime with which the defendant is ultimately 'accused' and for which he [or she] is prosecuted. When the People in this case filed a felony instrument superseding the misdemeanor complaint, [the] defendant was 'accused of . . . a felony' and the People were then entitled to the full six-month period (measured from the action's [October 12, 2018] commencement) to prepare for the felony trial" (People v Cooper, 90 NY2d 292, 294 [1997] [internal quotation marks and citations omitted]; see People v Cooper, 98 NY2d 541, 546 [2002]; People v Wright, 88 AD3d 1154, 1156 [2011], lv denied 18 NY3d 863 [2011]). Although the People were ready in a timely manner regardless of which time period applied, the felony period of six months was applicable here.