People v O'Day (2021 NY Slip Op 07583)





People v O'Day


2021 NY Slip Op 07583


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

111252
[*1]The People of the State of New York, Respondent,
v
Daniel O'Day, Appellant.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Dennis J. Lamb, Troy, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 11, 2019, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.
During a traffic stop of defendant's vehicle on March 26, 2017, he allegedly performed poorly on a series of field sobriety tests. Defendant was taken into custody and consented to the administration of a chemical breath test, which revealed a blood alcohol content of .13%. Consequently, on or about March 27, 2017, defendant was charged in the Town of Ulster Justice Court (hereinafter the Town Court) with two misdemeanor counts of driving while intoxicated and, by felony complaint, with one count of aggravated unlicensed operation of a motor vehicle in the first degree. The matter was adjourned several times and eventually the charges were presented to a grand jury, which, in April 2018, handed up an indictment charging defendant with those crimes. A suppression hearing ensued, after which County Court found that the stop of defendant's vehicle was lawful and declined to suppress evidence resulting therefrom. Following a jury trial, defendant was convicted as charged. He was sentenced to 60 days in jail, followed by five years of probation, upon the conviction of aggravated unlicensed operation of a motor vehicle in the first degree, and three-year terms of probation on each conviction of driving while intoxicated.[FN1] Defendant appeals.
Defendant contends, among other things, that his statutory and constitutional speedy trial rights were violated by the over year-long delay between the commencement of the action in March 2017 and the People's declaration of readiness. As defendant concedes, his speedy trial claim is unpreserved as he failed to raise it before County Court (see People v Beasley, 16 NY3d 289, 292 [2011]; People v Votaw, 190 AD3d 1162, 1164 [2021], lv denied 36 NY3d 1101 [2021]). Nevertheless, "'[ a] single error of failing to raise a meritorious speedy trial claim is sufficiently egregious to amount to ineffective assistance of counsel'" (People v Pentalow, 196 AD3d 871, 871 [2021], quoting People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]). As such, we must address the merits of defendant's speedy trial claim to resolve his contention that defense rendered ineffective assistance in failing to seek dismissal of the indictment on speedy trial grounds (see People v Pentalow, 196 AD3d at 871).
As defendant was accused "of one or more offenses, at least one of which [was] a felony," the People had six months from the date that the first accusatory instrument was filed to declare their readiness for trial (CPL 30.30 [1] [a]; see CPL 1.20 [1]; [16] [a], [b]; [17]). "Whether the People have fulfilled their obligations under CPL 30.30 (1) (a) is generally determined by computing the time elapsed between the filing of the first accusatory [*2]instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Turner, 172 AD3d 1768, 1770 [2019] [internal quotation marks and citations omitted], lvs denied 34 NY3d 930, 939 [2019]; see People v Regan, 196 AD3d 735, 735-736 [2021]).
Although the People concede that over a year elapsed between the filing of the first accusatory instrument and their declaration of readiness, they assert, among other things, that the delay is attributable to several adjournments that are either chargeable to defendant or otherwise excludable from the speedy trial clock. The record before this Court is inadequate to conclusively confirm as much. The handwritten notes on the Town Court's arraignment form regarding the several adjournments of the matter subsequent to March 27, 2017 are largely without explanation. Although the notes attribute certain adjournments to defense counsel, the majority of the notes are unclear and do not permit a definitive determination as to whether all of the adjournment periods are excludable under CPL 30.30 (4) (b).[FN2]
The People also note that defendant signed a written waiver of his speedy trial rights on July 13, 2017 — over two months prior to the expiration of the speedy trial clock. To that end, the record confirms that the People made a written plea offer to defendant on June 28, 2017, which advised that, if "defendant wishe[d] to accept the offer," he would need to "complete and forward the enclosed speedy trial waiver along with a written acceptance of the offer." By letter dated July 13, 2017, defense counsel notified the People that defendant accepted the plea offer and annexed a signed copy of the speedy trial waiver. By its terms, the waiver was to remain in effect until "[30] days following the date on which [defendant's] attorney sen[t] written notice to the People . . . that [he was] no longer waiving [his] constitutional and/or statutory [speedy trial] rights." During a court appearance on September 21, 2017, defendant revoked his initial acceptance of the plea offer and expressly rejected the People's offer on the record.
The People emphasize that defendant did not send written notice revoking the speedy trial waiver as required by the express terms of the waiver form. As such, they reason, the period of time from July 13, 2017 onwards is entirely excludable. We conclude otherwise, as defendant's execution of the speedy trial waiver was tethered to his acceptance of the plea offer and he ultimately rejected the offer (compare People v Regan, 196 AD3d at 736). As such, we treat the rejection of the plea offer on September 21, 2017 as a revocation of the speedy trial waiver effective that date. Although the record confirms that the speedy trial clock was stopped between July 13, [*3]2017 and September 21, 2017 pursuant to the waiver, the Town Court's cryptic adjournment notes following this period do not validate the People's assertion that such adjournments periods are excludable.
Where, as here, the record is insufficient to conclusively determine defendant's speedy trial claim and "there is an appeal from a verdict which raises a number of issues that must be determined upon direct appeal, the . . . appropriate resolution is to remit the matter to County Court . . . so that defendant's speedy trial claim can be further explored" (People v St. Louis, 41 AD3d 897, 898-899 [2007]; see People v Grey, 257 AD2d 685, 687 [1999]; People v Pickens, 216 AD2d 631, 632 [1995]; see also People v Stewart, 151 AD3d 478, 479 [2017]; but see People v Youngs, 101 AD3d 1589, 1589 [2012], lv denied 20 NY3d 1105 [2013]). Accordingly, we hold the appeal in abeyance and remit the matter to County Court for a hearing to determine defendant's speedy trial claim.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: County Court also imposed fines and ordered defendant to place an ignition interlock device on any motor vehicle that he owned or operated.

Footnote 2: We note that the record contains two letters from defense counsel, dated March 28, 2017 and August 18, 2017, seeking adjournments of the matter, but there are no letters pertaining to the other adjournment periods reflected in the Town Court's notes.