People v Catalan (2022 NY Slip Op 02585)

People v Catalan

2022 NY Slip Op 02585

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

112048
[*1]The People of the State of New York, Respondent,
v
Oscar L. Catalan, Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

LaMarche Safranko Law PLLC, Albany (Nicholas J. Evanovich III of counsel), for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered January 16, 2019, upon a verdict convicting defendant of the crimes of sexual abuse in the third degree and endangering the welfare of a child.
Defendant was charged in a 14-count indictment accusing him of sexually abusing two minor females (hereinafter victims A and B). Following a jury trial, defendant was convicted of one count each of sexual abuse in the third degree and endangering the welfare of a child, both pertaining to victim A, and was acquitted of the remaining counts, including all counts pertaining to victim B. County Court sentenced him to time served on the sexual abuse conviction and 60 days in jail, followed by three years of probation, on the endangering the welfare of a child conviction. Defendant appeals.
Turning first to defendant's statutory speedy trial claim, where, as here, a defendant is indicted on at least one felony, the People must announce readiness for trial within six months of commencement of the criminal action (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 208 [1992]; People v O'Day, 200 AD3d 1495, 1496 [2021]). "To determine whether the People timely declared readiness, courts must compute the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtract any periods of delay that are excludable under the terms of the statute and then add to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Abdullah, 133 AD3d 925, 926 [2015] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 990 [2016]; see People v Cortes, 80 NY2d at 208; People v Scaringe, 137 AD3d 1409, 1410 [2016], lv denied 28 NY3d 936 [2016]). The statutory speedy trial period ran from July 20, 2017 — the date of the filing of the first accusatory instruments — to January 20, 2018, a total of 184 days.[FN1] However, the People did not declare readiness for trial until 97 days later, on April 27, 2018. Accordingly, it was the People's burden to demonstrate that there was prereadiness delay that was excludable from the calculation (see People v Seamans, 85 AD3d 1398, 1399 [2011]).
In furtherance of that obligation, the People relied upon a series of letters sent by defense counsel to the local court where the charges were then pending, requesting repeated adjournments from August 23, 2017 through April 23, 2018, a total of 243 days. Delays caused by a defendant's adjournment requests are excluded from the speedy trial calculation (see CPL 30.30 [4] [b]; People v Abdullah, 133 AD3d at 927; People v Manchester, 123 AD3d 1285, 1286 [2014], lv denied 26 NY3d 931 [2015]). Thus, when adding the 184 days within which the People were required to declare readiness to the additional 97 days that the People took to make that declaration, and then subtracting the 243 days that were chargeable [*2]to defendant, County Court properly charged the People with just 38 days of prereadiness delay and, therefore, defendant's motion to dismiss on statutory speedy trial grounds was properly denied. As for defendant's argument that the People are also chargeable with postreadiness delay, although it is true that the People withdrew their declaration of readiness on September 10, 2018, and then declared ready a second time on October 9, 2018, adding this 29-day period of postreadiness delay to the 38-day period of prereadiness delay results in a total of only 67 days, well below the CPL 30.30 threshold (see People v Pentalow, 196 AD3d 871, 873 [2021]).
With respect to defendant's constitutional speedy trial claim, a court assessing such a claim must consider "the extent of the delay, the reason for the delay, the nature of the charges against the defendant, whether there has been an extended period of pretrial incarceration and whether the defense has been impaired by reason of the delay" (People v Morris, 176 AD3d 1502, 1503 [2019] [internal quotation marks and citations omitted], lvs denied, 34 NY3d 1131, 1132 [2020]; accord People v Acevedo, 179 AD3d 1397, 1399 [2020]; see People v Taranovich, 37 NY2d 442, 445 [1975]). The nine-month delay in this case was not extraordinary (see People v Cuppuccino, 199 AD3d 1121, 1122 [2021], lv denied 37 NY3d 1160 [2022]; People v Acevedo, 179 AD3d at 1400; People v Williams, 163 AD3d 1283, 1285-1286 [2018], lv denied 32 NY3d 1069 [2018]; People v Scaringe, 137 AD3d at 1412) and was almost entirely due to defendant's adjournment requests (see People v Thomas, 128 AD3d 440, 441 [2015], lv denied 25 NY3d 1208 [2015]). Further, the charges, involving the sexual abuse of children, were serious in nature (see People v Scaringe, 137 AD3d at 1412). Although defendant remained incarcerated throughout the pretrial period, his liberty interest was not impacted as there was an immigration detainer lodged against him and he declined an offer from County Court to be released on his own recognizance (compare People v Cuppuccino, 199 AD3d at 1122-1123). Finally, defendant has not demonstrated that his defense was impaired by the delay. Under these circumstances, we find that County Court properly denied defendant's constitutional speedy trial claim.
Next, with regard to defendant's claimed Brady violation, defendant must show that the People suppressed material evidence that was exculpatory or impeaching in nature, resulting in prejudice (see People v Garrett, 23 NY3d 878, 885 [2014]). Defendant argues that the People violated their Brady obligations by failing to disclose the reason why they initially charged him, in felony complaints, with crimes pertaining to two additional minor females, but did not indict him on any charges pertaining to them. However, defendant's theory as to the exculpatory or impeachment value of such information rests on sheer speculation (compare People v Schlau, 117 AD3d 461, 463 [2014], [*3]lv denied 23 NY3d 1067 [2014]). Moreover, defendant has not shown that the People's reasons for declining to prosecute separate victims in connection with separate crimes are relevant to the charges in this case. To the extent that defendant insists that these minors must have changed their stories, the record reveals that defendant specifically inquired of the People in this regard, and the People responded in the negative. Accordingly, defendant's Brady claim was properly denied.
We also discern no error in County Court's Molineux ruling. The People sought to introduce evidence of uncharged instances when defendant stared at the torsos of victims A and B, spied on them in the bathroom, placed his hand on victim A's inner thigh, pinned her against a wall and tried to kiss her, and pulled blankets off of her while she was sleeping in a bra and underwear. This evidence was properly admitted for the non-propensity purpose of providing background information and context regarding the nature of defendant's relationships with victims A and B (see People v Gannon, 174 AD3d 1054, 1058 [2019], lv denied 34 NY3d 980 [2019]; People v Kamp, 129 AD3d 1339, 1340 [2015], lv denied 26 NY3d 969 [2015]). Further, County Court provided a proper cautionary instruction regarding this evidence, which the jury is presumed to have followed (see People v James, 176 AD3d 1492, 1495 [2019], lv denied 34 NY3d 1078 [2019]).
Defendant also argues that he was denied the right of confrontation when County Court granted the People's motion to preclude cross-examination of victim A with respect to her allegation that another individual, her mother's ex-husband, had sexually abused her several years prior. Defendant was required to demonstrate that the prior complaint was false or that it was "suggestive of a pattern that cast doubt on the validity of, or bore a significant probative relation to, the instant charges" (People v Lane, 47 AD3d 1125, 1128 [2008] [internal quotation marks and citation omitted], lv denied 10 NY3d 866 [2008]; see People v Mandel, 48 NY2d 952, 953 [1979]). Defendant failed to show either. As for the falsity of the prior complaint, in asserting that he should be permitted to explore whether victim A had confused and conflated the prior abuse with his innocent actions toward her, it was defendant's position that these allegations by victim A could very well be true. Further, defendant failed to demonstrate any pattern, as the previous abuse had allegedly occurred when victim A was between the ages of three and eight and involved the mother's ex-husband repeatedly touching her vagina, whereas the crimes charged in this case involved defendant rubbing and touching victim A's buttocks when she was 16 years old (see People v McCray, 102 AD3d 1000, 1007 [2013], affd 23 NY3d 193 [2014]). As such, County Court did not err in restricting defendant's cross-examination (see People v Pereau, 45 AD3d 978, 980 [2007], lv denied 9 NY3d 1037 [2008]; People [*4]v Gibson, 2 AD3d 969, 972 [2003], lv denied 1 NY3d 627 [2004]).
Finally, we reject defendant's claim that County Court improperly prevented him from calling a coworker as a witness to testify generally as to his reputation for good character in the workplace. "[W]hen a defendant introduces evidence of good character, such testimony must relate to the traits involved in the charge against him" (People v Miller, 35 NY2d 65, 68 [1974]). Defendant's offer of proof lacked any indication that the evidence concerned a particular character trait that was related to the charges (see People v Procanick, 68 AD3d 1756, 1756 [2009], lv denied 14 NY3d 844 [2010]).[FN2] In addition, evidence of defendant's reputation for good character in the workplace was not relevant to the accusations of sexually abusing minors in secret, outside the workplace (see People v Durrant, 173 AD3d 890, 892 [2019]).
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: In performing this calculation, we begin counting on the day following the day that the accusatory instrument was filed (see People v Prunier, 100 AD3d 1269, 1270 [2012], lv denied 20 NY3d 1064 [2013]).

Footnote 2: Defense counsel's offer of proof was that the witness would testify to defendant's "reputation of good character and being honest." County Court denied the application in full. On appeal, defendant's argument is limited to the good character aspect of his proffer, and he has advanced no argument regarding evidence of his reputation for honesty. In any event, defendant's reputation for honesty was not pertinent to the charged crimes (see People v Spicola, 61 AD3d 1434, 1435 [2009], affd 16 NY3d 441 [2011]).