People v DeLaRosa (2026 NY Slip Op 00983)

People v DeLaRosa

2026 NY Slip Op 00983

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Ind No. 1849/15|Appeal No. 5882|Case No. 2018-1902|

[*1]The People of the State of New York, Respondent,
vFrancisco DeLaRosa, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Harold V. Ferguson, Jr., of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered June 29, 2017, as amended August 7, 2017, convicting defendant, after a jury trial, of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree, and petit larceny, and sentencing him, as a second felony offender, to an aggregate prison term of 23 years, followed by 15 years of postrelease supervision, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). We find no basis for disturbing the jury's credibility determinations. There was ample evidence supporting the conclusion that defendant physically attacked the victim and used force to make both vaginal and anal sexual contact with her, and then took property from her. The victim's detailed account was largely corroborated by video evidence. The victim's account was also corroborated by medical and forensic evidence and outcry testimony, all of which was largely consistent with her account.
Supreme Court providently exercised its discretion in prohibiting defendant from cross-examining the victim about a prior sexual assault accusation against another person. Defendant failed to show that the other complaint had a significant probative relation to the charges against him, nor did he make a factual showing of the likelihood that the allegations in the prior unrelated complaint were false (see Matter of Rolando L., 137 AD3d 637, 637 [1st Dept 2016]; People v Catalan, 204 AD3d 1240, 1243-1244 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]).
Moreover, the court providently exercised its discretion in declining to give a missing witness charge concerning the victim's cousin (see People v Smith, 33 NY3d 454, 458-459 [2019]). The cousin's proposed testimony would have been cumulative, as multiple other witnesses testified about either the victim's statements or her physical condition.
We perceive no basis to reduce the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026