People v Odu
2026 NY Slip Op 04011
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Abdul-Salaam O. Odu, Appellant.

Decided and Entered:June 25, 2026
CR-24-0585
Calendar Date: May 28, 2026
Before: Garry, P.J., Fisher, Mackey, Corcoran And Ryba, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland, for respondent.

[*1]
Ryba, J.
Appeal from a judgment of the County Court of Cortland County (Julie Campbell, J.), rendered January 11, 2024, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree, endangering the welfare of a child (two counts), petit larceny and harassment in the second degree.
Defendant was previously convicted upon his plea of guilty to rape in the third degree and criminal contempt in the first degree as part of a global disposition resolving various charges contained in a multicount indictment and a superior court information (hereinafter SCI). Upon defendant's appeal, this Court vacated defendant's guilty plea and conviction due to a jurisdictional defect in the SCI which affected the entire global disposition (People v Odu, 211 AD3d 1340 [3d Dept 2022]). Following remittal, the matter proceeded under the reinstated indictment charging defendant with robbery in the third degree, grand larceny in the fourth degree, criminal contempt in the first degree, two counts of endangering the welfare of a child, petit larceny and harassment in the second degree. After a jury trial, defendant was acquitted of robbery in the third degree and grand larceny in the fourth degree, but convicted of the remaining charges. Defendant was thereafter sentenced to a prison term of 1 to 3 years upon the criminal contempt conviction, together with lesser concurrent jail sentences on the remaining convictions. Defendant appeals, claiming a speedy trial violation and ineffective assistance of counsel.
Defendant's speedy trial claim was never addressed by County Court and is therefore unpreserved for our review (see CPL 470.05 [2]; People v O'Day, 200 AD3d 1495, 1496 [3d Dept 2021]). However, the failure to assert a meritorious speedy trial claim may constitute ineffective assistance of counsel where a properly pursued motion would have likely resulted in dismissal (see People v Shuler, 231 AD3d 1285, 1289-1290 [3d Dept 2024], lv denied 42 NY3d 1082 [2025]; People v Pentalow, 196 AD3d 871, 871 [3d Dept 2021]). Accordingly, defendant's ineffective assistance claim requires consideration of whether counsel's failure to adequately litigate the speedy trial issue deprived defendant of meaningful representation (see People v O'Day, 200 AD3d at 1496; People v Pentalow, 196 AD3d at 871).
Pursuant to CPL 30.30, the People were required to announce their readiness for trial within six months following our December 22, 2022 order vacating defendant's guilty plea and conviction and remitting the matter to County Court for further proceedings on the reinstated indictment (see CPL 30.30 [1], [7] [a]). Although applying the six-month speedy trial period would require the People to declare their readiness by April 22, 2023, the People did not announce their readiness for trial until October 19, 2023, nearly 10 months after remittal. As that period exceeds the six-month time limitation prescribed by CPL 30.30 (1) (a), the issue becomes whether sufficient portions [*2]of the delay were attributable to defendant and therefore statutorily excludable from the speedy trial calculation so as to render the People's declaration of readiness timely (see People v Ferrara, 243 AD3d 962, 965 [3d Dept 2025], lv denied 45 NY3d 945 [2026]; People v O'Day, 200 AD3d at 1496; People v Turner, 172 AD3d 1768, 1770 [3d Dept 2019], lv denied 34 NY3d 939 [2019]). Although the People maintain that substantial periods of delay were excludable by virtue of adjournments requested by the defense, motion practice, periods of time when defendant was without counsel and delays attributable to court congestion, the present record does not adequately establish the precise duration or basis for all such potentially excludable periods.
The last court appearance reflected in the record occurred on April 6, 2023, prior to the expiration of the speedy trial period. At that appearance, the People represented that they were unable to proceed to trial and defense counsel orally moved "to dismiss," without stating any specific grounds. County Court then directed the People to proceed by written motion, no later than April 14, 2023. When the People did not file a motion by that date, County Court set the case down for trial. No speedy trial motion was ever filed and the record before us contains no explanation regarding why. Nor does the record reveal what transpired during the ensuing six months leading up to the People's declaration of readiness on October 19, 2023. Additionally, although certain adjournments appear to be facially excludable under CPL 30.30 (4), the existing record does not permit us to reliably calculate the total amount of chargeable time or determine whether a properly litigated motion to dismiss would have succeeded. Under these circumstances, and because the ineffective assistance claim turns in part upon whether defendant possessed a potentially meritorious CPL 30.30 argument, remittal is required for further factual development concerning the speedy trial issue, including what periods, if any, are properly excludable under CPL 30.30 (see People v Pittman, 221 AD3d 1256, 1259 [3d Dept 2023]; People v O'Day, 200 AD3d at 1496). Accordingly, we hold the appeal in abeyance pending remittal to County Court for a hearing, factual findings and a recommendation regarding defendant's speedy trial claim.
Garry, P.J., Fisher, Mackey and Corcoran, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.