## (July 19, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL PETER GREENWALDT, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered November 13, 1980, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree, and (2) by permission, from an order of said court, entered September 15, 1981, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing. ¶ By order entered November 14, 1979, defendant's conviction for criminal possession of a forged instrument in the second degree was reversed and a new trial ordered (*People v Greenwaldt,* 72 AD2d 836). With the filing of this order, defendant's statutory and constitutional rights to a speedy trial were triggered (CPL 30.30, subd 5, par [a]). It is defendant's contention that, because he was not returned to the Albany County Court until May 19, 1980, more than six months after the order for a new trial was entered, his statutory right to a speedy trial was violated. During the interim period, he had been incarcerated at Green Haven Correctional Facility on an unrelated conviction. The People maintain that at various Trial Term Calendar calls had between November 14, 1979 and May 19, 1980, they announced their readiness for trial on the record and hence, from that point on, CPL 30.30 lost its operative effect (see *People v Hamilton,* 46 NY2d 932, 933). Because the six-month ready rule was not complied with, we reverse defendant's conviction and dismiss the indictment. ¶ An assertion of readiness by the People, without substantiation, cannot be used to make a mockery of the speedy trial guarantee embodied in CPL 30.30 (*People v Dean,* 45 NY2d 651, 656). It was the prosecution's responsibility to petition the trial court for an order producing defendant for "arraignment or prosecution" (CPL 560.10). Although obliged to be diligent in their efforts to obtain the presence of defendant for trial (*People v Melendez,* 92 AD2d 904), the People did not undertake to do so until May 7, 1980, and the order was not signed by County Court until May 12, 1980. Since defendant's return did not eventuate until after the six-month statutory period had expired, the prosecution's statement that the People were ready is unjustified, as the trial could not possibly have proceeded until defendant's presence was secured. The delay here was not due

to circumstances beyond the prosecution's control (*People v Osgood*, 52 NY2d 37, 41). Even though the People moved to have defendant returned one week prior to the expiration of the statutory period, they were required to be cognizant of the progress of the case and to make their motion sufficiently in advance to ensure that defendant's rights were not violated (see *People v Fuggazzatto*, 96 AD2d 538, affd 62 NY2d 862). ¶ Judgment reversed, on the law, and indictment dismissed; appeal from order dismissed as academic. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.