■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK W. DEARSTYNE, JR., Appellant. [626 NYS2d 879] —White,

J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 14, 1991, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, aggravated sexual abuse in the first degree and endangering the welfare of a child (two counts).

The immediate issue presented by this appeal is whether the 49-month interval between the filing of the accusatory instruments against defendant and the commencement of his trial violated his statutory and constitutional rights to a speedy trial.

Criminal proceedings were commenced against defendant on June 19, 1987, when felony complaints were filed in the Rensselaer City Court. Thereafter, on November 18, 1987, an indictment was returned against defendant charging him with several sex-related offenses perpetrated upon three very young children. Defendant was arraigned on November 24, 1987, at which point the People announced their readiness for trial. On January 14, 1988, defendant submitted an omnibus motion seeking, *inter alia,* inspection of the Grand Jury minutes and dismissal of the indictment on the ground of evidentiary insufficiency. The People consented to an in camera inspection of the minutes by County Court and delivered them on March 9, 1988. Not included in this delivery was the videotape of the Grand Jury testimony of two of the victims nor a transcript thereof.

In any event, the People did not oppose a *sua sponte* order to show cause issued by County Court, returnable March 15, 1988, directing the release of the Grand Jury minutes to defendant. Defendant, however, did not receive the minutes until January 11, 1990 and was not provided with the victim's videotaped testimony until March 12, 1990. Defendant then moved to dismiss the indictment on speedy trial grounds as well as the People's failure to comply with CPL 190.32 (6). By order dated May 4, 1990, County Court dismissed the indictment on the latter ground.

Defendant was reindicted on May 18, 1990, and arraigned on May 23, 1990, when the People announced their readiness for trial. By motion returnable on July 18, 1990, defendant sought an inspection of the Grand Jury minutes and dismissal of the indictment on the ground of evidentiary insufficiency. The People consented to an in camera inspection of the minutes and delivered them to County Court on September 27, 1990.

Prior to jury selection on July 9, 1991, defendant moved to

dismiss the indictment alleging that he had been denied his constitutional and statutory rights to a speedy trial. County Court summarily denied the motion, finding "that the People did everything possible to get this case ready for trial". Following his conviction of the crimes of attempted rape in the first degree, aggravated sexual abuse in the first degree and two counts of endangering the welfare of a child and his resulting sentence of imprisonment, defendant appeals.

CPL 30.30 (1) (a) requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of a criminal action. Compliance with this statute is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion (see, People v Cortes, 80 NY2d 201, 208). Where, as here, there is a succeeding indictment returned after the original one has been dismissed, that indictment relates back to the original accusatory instrument for the purpose of applying the six-month readiness period and computing excludable time (see, People v Sinistaj, 67 NY2d 236, 239).

Defendant acknowledges that the People's prereadiness delay did not exceed the statutory six-month period. Thus, the issue of whether his statutory right to a speedy trial was violated turns on whether any postreadiness delay is chargeable to the People.

Defendant's claim of postreadiness delay rests on his assertion that the People were responsible for 125 days of delay following the submission of his motions and the delivery of the Grand Jury minutes to County Court, plus a 25-month delay in providing the victim's videotaped Grand Jury testimony or a transcript thereof to County Court.

Delay in providing Grand Jury minutes may be properly charged to the People if it can be shown that their action or inaction actually caused the delay (see, People v McKenna, 76 NY2d 59, 64). The People, however, are entitled to have excluded from the time charged against them a reasonable time in which to have the minutes transcribed (see, People v Harris, 82 NY2d 409, 413; People v Pivoda, 186 AD2d 875, 876).

In light of County Court's summary denial of defendant's motion without the benefit of an evidentiary hearing, the

record does not provide an adequate basis upon which to determine if, in view of all the circumstances, the delay here was unreasonable. Thus, we shall remit this matter so that County Court may hold a hearing and reconsider defendant's motion *(see, People v Sutton,* 199 AD2d 878, 880). We note that, inasmuch as the videotaped testimony of a witness pursuant to CPL 190.32 is the functional equivalent of live Grand Jury testimony *(see, People v Sayavong,* 83 NY2d 702, 706), County Court should ascertain when the videotape of the victim's testimony or a transcript thereof was filed with the court. It would also be advisable to develop a record on those issues that are pertinent to defendant's constitutional speedy trial claim *(see, People v Taranovich,* 37 NY2d 442; *People v Mobley,* 206 AD2d 681, *lv denied* 84 NY2d 870).

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.