■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE FLOWERS, Respondent. [658 NYS2d 742] —Peters, J. Appeal from an order of the County Court of Albany County (Rosen, J.), entered July 1, 1996, which granted defendant's motion to dismiss the indictment.

Defendant, a City of Albany police officer who was originally indicted on December 9, 1994 for the crimes of tampering with public records in the first degree, issuing a false certificate and official misconduct, was arraigned on December 13, 1994. At that time, the People filed their notice of readiness for trial. By motion dated December 18, 1994, defense counsel moved to dismiss the indictment alleging, *inter alia*, that the Grand Jury proceedings were defective and that defendant was immune from prosecution. Defendant's omnibus motion, filed shortly thereafter, requested, *inter alia*, an inspection of the Grand Jury minutes and the dismissal of the indictment on the grounds that the evidence was defectively presented to the Grand Jury and was legally insufficient. County Court, by decisions dated January 26, 1995 and February 24, 1995, respectively, denied these motions.

On June 23, 1995, defense counsel moved for reargument. In support thereof, he contended that the indictment was defective because it was procured by a vote of less than 12 Grand Jurors who had heard all of the evidence in the case. County Court agreed and, by decision and order dated August 22, 1995, dismissed the indictment with leave to resubmit.

Upon resubmission to the Grand Jury, a second indictment, dated January 25, 1996, resulted in the same charges which had been previously filed. At the arraignment on February 9, 1996, the People again gave notice of their readiness for trial. On February 14, 1996, defendant moved, *inter alia*, to dismiss the indictment by contending that his right to a speedy trial had been violated. County Court agreed and dismissed the second indictment by decision and order dated June 25, 1996,

concluding that the People's initial declaration of readiness could not be credited because the original indictment was jurisdictionally defective. In so doing, it found that the People "must be charged with knowledge of the defective Grand Jury proceeding since only they had knowledge of what occurred before the Grand Jury". That knowledge, County Court determined, was sufficient to justify charging all of the delay to the People. We disagree.

A felony indictment must be dismissed pursuant to CPL 30.30 (1) (a) if the People are not ready for trial within six months of the commencement of a criminal action (*see, People v Dearstyne*, 215 AD2d 864, 866, *lv denied* 89 NY2d 921). When a new indictment supplants an earlier one in the same criminal action, the six-month readiness period relates back to the original accusatory instrument (*see, People v Sinistaj*, 67 NY2d 236, 242; *People v Dearstyne, supra*). In determining whether the People have satisfied their obligation to be ready for trial, the court must compute "the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208). Even if the first indictment is dismissed as jurisdictionally defective, the six-month readiness period still begins to run from the time of the first accusatory instrument. In so computing, it must be noted that all of the time between that first accusatory instrument and the filing of a notice of readiness on the second indictment is not automatically chargeable to the People (*see, People v White*, 211 AD2d 982, 984-985, *lv denied* 85 NY2d 944; *People v Kanter*, 173 AD2d 560, 561, *lv denied* 78 NY2d 1078; *People v Traficante*, 143 AD2d 443, 444-445; *People v Bantum*, 133 AD2d 699, *lv denied* 70 NY2d 929).

Here, defendant's numerous pretrial motions requesting dismissal of the first indictment consumed an eight-month period which was improperly charged to the People (*see, People v Lomax*, 50 NY2d 351). When that time period is excluded, it is evident that the People's announcement of their readiness for trial was made within the proscribed time period.

Accordingly, the order of County Court must be reversed and the indictment reinstated.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, and indictment reinstated.