The People of the State of New York, Respondent, v Lanique Taylor, Appellant. [869 NYS2d 710]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, 16 counts of burglary in the third degree (Penal Law § 140.20). Defendant failed to preserve for our review his contention that County Court erred in failing to instruct the jury that a prosecution witness was an accomplice to the burglaries (see *People v Smith-Merced*, 50 AD3d 259 [2008], *lv denied* 10 NY3d 939 [2008]; *People v Weeks*, 15 AD3d 845, 846 [2005], *lv denied* 4 NY3d 892 [2005]). In any event, that contention is without merit. The testimony of the prosecution witness in question did not implicate her as a person who participated in the burglaries (see CPL 60.22 [2] [a]) and, although defendant's testimony conflicted with that testimony, the jury was entitled to credit the testimony of the prosecution witness over that of defendant (see generally *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that the court erred in denying his motion seeking to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial (see CPL 30.30 [1]). We reject that contention. The record establishes that the People properly announced their readiness for trial by providing the court with a statement of readiness contemporaneously with the filing of the indictment and then promptly

notifying defense counsel of the statement of readiness (*see People v Freeman*, 38 AD3d 1253 [2007], *lv denied* 9 NY3d 875, *reconsideration denied* 10 NY3d 811 [2007]; *see generally People v Kendzia*, 64 NY2d 331, 337 [1985]). Contrary to the contention of defendant, the People were not obligated pursuant to CPL 560.10 to apply to the court to transport him for arraignment from the state prison where he was confined prior to the expiration of the six-month period. Where, as here, the "local criminal court has already acquired control of the defendant prior to the filing of the indictment, [CPL 210.10] directs *the court* to notify the defendant of the arraignment date and to secure the defendant's appearance on that date . . . Obviously the court must set its own calendar, and the statute thus contemplates the court scheduling the arraignment, notifying the defendant, and securing the defendant's attendance. Only where the filing of the indictment constituted the commencement of the criminal action does the statute permit the court to delegate the latter two functions to the People" (*People v Goss*, 87 NY2d 792, 797-798 [1996]; *see People v Carter*, 91 NY2d 795, 798 [1998]; *People v Lindsey*, 52 AD3d 527, 530 [2008], *lv denied* 11 NY3d 738 [2008]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.