■ The People of the State of New York, Appellant, v Frank Chrysler, Respondent. [59 NYS3d 491]—

Garry, J. Appeal from an order of the Supreme Court (McDonough, J.), entered November 9, 2015 in Albany County, which granted defendant's motion to dismiss the indictment.

Defendant was arrested on November 3, 2014, and a preliminary hearing was conducted in local court shortly thereafter. On April 15, 2015, defendant and five codefendants were

charged in a joint indictment with various crimes arising out of an alleged conspiracy to defraud elderly victims in Albany County by overcharging the victims for repairs on their homes and failing to perform or properly complete the repairs. He was arraigned on this indictment on April 20, 2015, at which time the People announced their readiness for trial. On that date, Supreme Court ordered defense counsel to file an omnibus motion by June 5, 2015 and directed the People to respond by June 19, 2015. Defendant's motion was timely submitted, but the People did not file their response until July 16, 2015.[1] Defendant moved to dismiss the indictment on the ground that he was deprived of his right to a speedy trial, and the People opposed the motion. In November 2015, Supreme Court dismissed the indictment. The People appeal.

Pursuant to CPL 30.30 (1) (a), a felony indictment must be dismissed if the People have not properly declared their readiness for trial within six months of the commencement of the criminal action. Whether they have done so is "determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208 [1992]; *accord People v Scaringe*, 137 AD3d 1409, 1410 [2016], *lv denied* 28 NY3d 936 [2016]; *see People v Abdullah*, 133 AD3d 925, 926 [2015], *lv denied* 27 NY3d 990 [2016]). Here, the People concede that Supreme Court properly determined that they are chargeable with 163 days of prereadiness delay. They contend, however, that the court erred in charging them with 27 additional days of postreadiness delay and in finding, as a result, that they did not comply with their statutory obligation to declare readiness within six months. We agree that this time period should have been excluded and, thus, that the indictment was improperly dismissed.

Postreadiness delay is chargeable to the People when it "is attributable to their inaction and directly implicates their ability to proceed to trial" (*People v Carter*, 91 NY2d 795, 799 [1998]; *accord People v Brown*, 28 NY3d 392, 404 [2016]). In contrast to prereadiness delay, where it is the People's obligation to prove that delays are excludable, it is the defendant's burden to prove that postreadiness delay should be charged to

---

1. The People explained that defendant's motion was timely received but misdirected within the office; the prosecutor was unaware that it had been filed until July 15, 2015.

the People (*see People v Sydlar*, 106 AD3d 1368, 1369 [2013], *lv dismissed* 21 NY3d 1046 [2013]; *People v Pope*, 96 AD3d 1231, 1233 [2012], *lv denied* 20 NY3d 1064 [2013]). Here, that burden was not satisfied.

CPL 30.30 (4) (d) provides that any "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run and good cause is not shown for granting a severance" must be excluded from the computation of the time within which the People must be ready for trial. Under this provision, when a defendant who has not moved for severance is being jointly tried with codefendants whose time for trial has not yet elapsed, any reasonable periods of time that are excludable as to the codefendants are excludable as to the defendant as well (*see People v Cortes*, 80 NY2d at 207 n 2; *People v Hernandez*, 267 AD2d 466, 467 [1999]; *People v David*, 253 AD2d 642, 645-647 [1998], *lv denied* 92 NY2d 948 [1998]). This provision facilitates joint trials, thus serving "the strong public policy favoring joinder" (*People v Mahboubian*, 74 NY2d 174, 184 [1989]). It has been noted that the rule also prevents defendants from benefitting from delays caused by their codefendants (*see* 33A Carmody-Wait 2d § 186:103).

The five codefendants who were named with defendant in the joint indictment were arrested and arraigned at various times.[2] During the 27-day period that Supreme Court charged to the People as postreadiness delay, several of these codefendants were engaged in motion practice, including motions that were due but had not yet been filed, were awaiting the People's response, or were awaiting the court's decision. In a prosecution involving a single defendant, delay resulting from motion practice is not chargeable to the People (*see* CPL 30.30 [4] [a]; *People v Scaringe*, 137 AD3d at 1411; *People v Pope*, 96 AD3d at 1233; *People v Dunton*, 30 AD3d 828, 828-829 [2006], *lv denied* 7 NY3d 847 [2006]). Likewise, periods of delay that result from motion practice by any codefendant in a joint prosecution are excludable as to all of them (*see People v Coulter*, 240 AD2d 756, 757 [1997], *lv denied* 91 NY2d 871 [1997]; *People v Durette*, 222 AD2d 692, 692 [1995], *lv denied* 88 NY2d 878 [1996]; *see also People v David*, 253 AD2d at 648). Defendant did not meet his burden to show that the delay resulting from his codefendants' motion practice was unreasonably lengthy or that the exclusion provided by CPL 30.30 (4) (d) should not be

---

2. The indictment was sealed when it was handed up as to three codefendants who had not yet been arrested, and remained sealed as to them until they were located in Virginia in May 2015 and arrested.

applied here for any other reason (*see People v Vidal*, 180 AD2d 447, 449 [1992], *lv denied* 80 NY2d 839 [1992]).

As the language of CPL 30.30 (4) (d) implies, a defendant's remedy for delays caused by codefendants in a joint prosecution is to move for severance. Here, although defendant was represented by counsel throughout the pertinent period, he neither moved for severance at any time nor showed that good cause for severance existed (*see People v Robles*, 139 AD2d 781, 782 [1988], *lv denied* 72 NY2d 865 [1988]; *People v Cook*, 71 AD2d 801, 801 [1979]). Thus, the 27-day period charged by Supreme Court to the People as postreadiness delay should not have been added to the 163-day period of prereadiness delay, with the result that the People declared readiness within six months and complied with their statutory obligation.

As for defendant's constitutional claim, "[t]he five factors to be considered are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charges; (4) any extended period of pretrial incarceration; and (5) any impairment of defendant's defense" (*People v Romeo*, 12 NY3d 51, 55 [2009], *cert denied* 558 US 817 [2009]; *accord People v Tuper*, 118 AD3d 1144, 1146 [2014], *lv denied* 25 NY3d 954 [2015]). No prejudice was shown, and the record reveals that while defendant was incarcerated on the current charges, he was also being held on a federal probation warrant. Upon review of the remaining factors, we find no constitutional violation (*see People v Pope*, 96 AD3d at 1233-1234). Accordingly, defendant's motion to dismiss the indictment should have been denied.

Peters, P.J., Rose, Clark and Rumsey, JJ., concur. Ordered that the order is reversed, on the law, motion denied, and indictment reinstated.