People v Crumedy (2022 NY Slip Op 01351)





People v Crumedy


2022 NY Slip Op 01351


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

111974
[*1]The People of the State of New York, Appellant,
v
Jamel Crumedy, Respondent.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Paul Czajka, District Attorney, Hudson (James Carlucci of counsel), for appellant.
Jeffrey L. Zimring, Albany, for respondent.



Lynch, J.
Appeal from an order of the County Court of Columbia County (Nichols, J.), entered October 25, 2019, which granted defendant's motion to dismiss eight counts of the indictment.
An 11-count indictment was handed up in May 2019 charging defendant with course of sexual conduct against a child in the second degree (count 1), five counts of sexual abuse in the first degree (counts 2, 3, 4, 5 and 6) and five counts of endangering the welfare of a child (counts 7, 8, 9, 10 and 11). The charges stem from allegations that defendant sexually abused two children, identified as victim No. 1 and victim No. 2, over various periods of time specified in each count, spanning from June 2012 through August 2018. Defendant made an omnibus motion seeking, among other relief, to dismiss eight counts of the indictment as defective, based upon the argument that the time frames alleged failed to provide adequate notice and were not sufficiently specific to permit him to defend against the charges. The People opposed the motion. County Court found that the time intervals set forth in counts 1, 3, 5, 6, 7, 8, 10 and 11 were unreasonable, and granted defendant's motion to dismiss those counts, with leave to re-present. The People appeal.
On appeal, the People seek reinstatement only of count 1, arguing that County Court erred in dismissing that count, which they submit alleged a sufficiently specific time interval given that it was a continuing crime. We disagree. Count 1 charged defendant with course of sexual conduct against a child in the second degree in violation of Penal Law § 130.80 (1) (a), alleging that "on or about or between June 8, 2012 and August 17, 2018" defendant "engage[d] in two or more acts of sexual conduct with a child less than [11] years old," and specified three types of sexual conduct in which he engaged (see Penal Law § 130.00 [10]).[FN1] The People's response to defendant's discovery demand did not further narrow the six-year time interval of the conduct charged in that count.
By statute, each count in an indictment must allege "that the offense charged therein was committed on, or on or about, a designated date, or during a designated period of time" (CPL 200.50 [6]). That statute does not contain "any restriction on the length of the designated period of time" (People v Morris, 61 NY2d 290, 294 [1984]; see People v Keindl, 68 NY2d 410, 417 [1986]) and, thus, consistent with that requirement, count 1 does specify a "designated period of time." However, further analysis is required, as the accused has a constitutional right "to be informed of the nature and cause of the accusation" (US Const, 6th Amend; see NY Const, art I, § 6; People v Morris, 61 NY2d at 294-295), and "[t]he paramount purpose of an accusatory instrument is to provide sufficient information regarding the nature of the charge and the conduct which underlies the accusation to allow [the] defendant to prepare or conduct a defense" (People v Sedlock, 8 NY3d 535, 538 [2007[*2]]; see People v Shack, 86 NY2d 529, 540 [1995]; People v Morris, 61 NY2d at 295). The specificity requirements further "ensure that the crime for which defendant is tried before the petit jury is in fact the crime with which he [or she] was charged" (People v Shack, 86 NY2d at 540) and "protect[ the] accused from double jeopardy by specifically identifying the alleged crime so that he or she cannot be charged with the crime again in a subsequent prosecution" (People v Sedlock, 8 NY3d at 538; see People v Sanchez, 84 NY2d 440, 445 [1994]; People v Keindl, 68 NY2d at 421-422; People v Morris, 61 NY2d at 293-294). No precise date or time frame is required, and "[t]he standard is that of reasonableness" (People v Morris, 61 NY2d at 295). Thus, "[t]he determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and[, if applicable,] the bill of particulars must be made on an ad hoc basis by considering all relevant circumstances" (id.; see People v Sedlock, 8 NY3d at 539; People v Keindl, 68 NY2d at 419). On a motion to dismiss the indictment for failure to sufficiently detail when a crime allegedly occurred (see CPL 210.20 [1]), relevant factors are the reasonableness of the time span alleged, the People's knowledge of more narrow time frames or dates or opportunity to discern same through diligent investigation giving consideration to the ages of the victims, the nature of the offense and surrounding circumstances and the People's good faith in specifying the most particular dates possible (see People v Sedlock, 8 NY3d at 539; People v Morris, 61 NY2d at 295-296).
The foregoing framework requires consideration of the nature of the crime charged. To that end, "[w]hen [a] defendant is charged with a crime that is perpetrated by commission of a single act and time is not a substantive element of the crime charged, the allegation of when that act was committed must be reasonably specific in light of all the circumstances of the particular case" (People v Shack, 86 NY2d at 540; see People v Morris, 61 NY2d at 295-296; People v Keindl, 68 NY2d at 420-421). Where, as here, "a crime may be committed by multiple acts over time and is amenable to characterization as a continuing crime, however, the count . . . may properly allege that the single offense was committed over a significant period of time" (People v Shack, 86 NY2d at 540 [internal quotation marks and citation omitted]; cf. People v Keindl, 68 NY2d at 420-421). Count 1 charged defendant with course of sexual conduct against a child in the second degree which, by definition, requires that the conduct occurred "over a period of time not less than three months in duration" (Penal Law § 130.80) and is a continuing crime (see People v Weber, 25 AD3d 919, 920-923 [2006], lv denied 6 NY3d 839 [2006]; People v McLoud, 291 AD2d 867, 868 [2002], lv denied 98 NY2d 678 [2002]; see also People v Martinez, 169 AD3d 587, 588 [2019], lv [*3]denied 33 NY3d 1106 [2019]; People v Green, 17 AD3d 1076, 1077 [2005], lv denied 5 NY3d 789 [2005]; People v Colf, 286 AD2d 888, 888-889 [2001], lv denied 97 NY2d 655 [2001]).
The interval of time alleged in count 1 is just over six years. Although CPL 200.50 (6) does not define the outer parameters of the permissible "designated period of time" (see People v Morris, 61 NY2d at 294), and continuing crimes permit allegations of conduct over "a significant period of time" (People v Shack, 86 NY2d at 540), we find that in these circumstances — where the nature of the charge is based upon a few discrete acts not connected to any more particular time frames within the six-year period (compare People v Thornton, 141 AD3d 936, 937 [2016], lv denied 28 NY3d 1151 [2017]) — the six-year time interval in count 1 is too lengthy to provide sufficient notice of when the alleged conduct occurred so as to permit defendant to prepare and conduct a defense (compare People v Martinez, 169 AD3d at 588; People v Turley, 130 AD3d 1574, 1577 [2015], lv denied 26 NY3d 1093 [2015]; People v Weber, 25 AD3d at 920, 922-923; People v Green, 17 AD3d at 1077; People v Palmer, 7 AD3d 472, 472 [2004], lv denied 3 NY3d 710 [2004]; People v McCloud, 291 AD2d at 867; People v Latouche, 303 AD2d 246, 246 [2003] [upheld endangering the welfare of a child count alleging conduct over a 10-year period, where conduct occurred "almost daily"], lv denied 100 NY2d 595 [2003]). As such, it was unreasonable and County Court properly dismissed count 1, with leave to re-present (see generally People v Morris, 61 NY2d at 295).
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Although a bill of particulars may, under certain circumstances, cure a defect in an indictment (see CPL 200.95; People v Morris, 61 NY2d 290, 293-294 [1984]), the record does not reflect that a bill of particulars was requested.