People v Shuler (2024 NY Slip Op 05154)

People v Shuler

2024 NY Slip Op 05154

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

112667 CR-23-1715
[*1]The People of the State of New York, Respondent,
v
Terence Shuler, Appellant.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Clark, J.P.
Appeals (1) from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered August 19, 2020, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree, and (2) by permission, from an order of said court (Michael W. Smrtic, J.), entered August 15, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was arrested in November 2018 and charged by felony complaint with various property crimes. On May 10, 2019, the People filed an indictment charging defendant with robbery in the second degree, robbery in the third degree, two counts of grand larceny in the fourth degree and petit larceny. Defendant, who had been placed in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) due to an unrelated parole violation, was not produced for the first scheduled arraignment date. He was thereafter arraigned on June 3, 2019. Following unsuccessful motion practice, defendant pleaded guilty to attempted robbery in the second degree and waived his right to appeal. County Court (Sypniewski, J.) sentenced defendant, as a second felony offender, to a prison term of four years, to be followed by five years of postrelease supervision. Thereafter, defendant moved pursuant to CPL article 440 to vacate his conviction, arguing that defense counsel was ineffective for failing to move to dismiss the indictment on speedy trial grounds. The People opposed, and County Court (Smrtic, J.) denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, the denial of his CPL article 440 motion.
Initially, as defendant failed to present any arguments relating to his direct appeal from the judgment of conviction, that appeal is deemed abandoned (see People v Harris, 143 AD3d 1181, 1182-1183 [3d Dept 2016], lv denied 28 NY3d 1145 [2017]). Defendant's sole argument on appeal is that County Court erred in denying his CPL article 440 motion, because defense counsel's failure to seek dismissal of the action on speedy trial grounds denied him meaningful representation. "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Reichel, 211 AD3d 1090, 1091 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1113 [2023]; see People v Bateman, 212 AD3d 993, 997 [3d Dept 2023], lv denied 39 NY3d 1140 [2023]). Notably, "the NY Constitution guarantees a defendant a fair trial, not a perfect one" (People v Lafountain, 200 AD3d 1211, 1216 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 951 [2022]; see People v Miley, 229 AD3d 969, 974 [3d Dept 2024]). For this reason, ineffectiveness [*2]claims generally require that the evidence, the law and the circumstances be examined in their totality to determine whether a defendant in a criminal action received meaningful representation (see People v Malloy, 228 AD3d 1068, 1071 [3d Dept 2024]; People v Colter, 206 AD3d 1371, 1376 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). However, in the rare circumstance where "a single lapse by otherwise competent counsel" is deemed egregious and prejudicial, it "compels the conclusion that a defendant was deprived of his [or her] constitutional right to effective legal representation" (People v Henderson, 28 NY3d 63, 65 [2016] [internal quotation marks and citation omitted]; see People v McCauley, 162 AD3d 1307, 1310 [3d Dept 2018], lv denied 32 NY3d 939 [2018]).
Where, as here, a defendant is charged with at least one felony offense, the People must be ready for trial within six months of the commencement of the criminal action, calculated by "computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Chrysler, 152 AD3d 825, 826 [3d Dept 2017] [internal quotation marks and citation omitted], lv denied 30 NY3d 948 [2017]; see CPL 30.30 [1] [a]; People v O'Day, 200 AD3d 1495, 1496 [3d Dept 2021]).[FN1] Here, a felony complaint was filed against defendant on November 16, 2018 and, thus, the People had until May 17, 2019 to declare their readiness for trial (see CPL 30.30 [1] [a]). The People filed the indictment against defendant along with a written declaration of readiness on May 10, 2019. At the scheduled May 13, 2019 arraignment, the People again declared their readiness for trial, but defendant was not produced, as he had been taken into DOCCS custody in March 2019 due to an unrelated parole violation. The arraignment was adjourned to May 28, 2019 but did not take place on that date. Rather, upon the People's May 29, 2019 application, County Court signed an order to produce defendant for arraignment on June 3, 2019, and defendant was ultimately arraigned on that date.
Before we can engage in a speedy trial analysis, we must address the parties' dispute as to the effect of CPL 560.10 upon these proceedings. Defendant contends that the People's failure to exercise reasonable diligence to have defendant produced for arraignment pursuant to CPL 560.10 (1) (a) makes the delay chargeable to them. The People counter that, as "[a]rraigning a defendant upon indictment is exclusively a court function," any delay in getting defendant arraigned is not chargeable to the People (People v Goss, 87 NY2d 792, 797 [1996]; see People v Taylor, 57 AD3d 1518, 1518-1519 [4th Dept 2008], lv denied 12 NY3d 822 [2009]). Based upon the plain language of CPL 210.10, the Court [*3]of Appeals found that said statute imposed upon the trial court a nondelegable duty to produce a defendant for arraignment, to provide defendant with two days' notice of said arraignment and to conduct the arraignment (see People v Goss, 87 NY2d at 797). However, CPL 210.10 is clear that it applies where a defendant is being held in the custody of the local sheriff for the same criminal action (see CPL 210.10 [1]; People v Goss, 87 NY2d at 797; see also People v Carter, 91 NY2d 795, 799 [1998]). Where, as here, a defendant is instead "confined in an institution within the state pursuant to a court order issued in a different action," County Court "may, upon application of the district attorney, order the production therein of [said] defendant" (CPL 560.10 [1] [a] [emphasis added]; compare CPL 210.10 [1]). Unlike CPL 210.10, which directs that County Court "must" order the production of a defendant who is in the custody of a local sheriff in connection with the same criminal action, we have previously held that CPL 560.10 (1) (a) requires the People to apply for production of a defendant who is detained by DOCCS in connection with a separate criminal action (see People v Greenwaldt, 103 AD2d 933, 933-934 [3d Dept 1984]; see also People v Daniels, 217 AD2d 448, 452-453 [1st Dept 1995], appeal dismissed 88 NY2d 917 [1996]; People v Orse, 118 AD2d 816, 818 [2d Dept 1986]).[FN2]
Turning to the speedy trial analysis, we agree with the People that their May 10, 2019 declaration of readiness was not rendered illusory by the mere fact that defendant's arraignment did not occur within the statutory speedy trial period (see People v Goss, 87 NY2d at 796-797; People v Turner, 172 AD3d 1768, 1770 [3d Dept 2019], lv denied 34 NY3d 939 [2019]; compare People v England, 84 NY2d 1, 3-5 [1984]). At the time of the May 10 declaration, seven days remained on the speedy trial clock. As the People note, delays caused by circumstances outside of the People's control, such as court congestion, are excluded from the speedy trial calculation (see e.g. CPL 30.30 [4]; People v Anderson, 66 NY2d 529, 535 [1985]; People v Giordano, 56 NY2d 524, 525 [1982]). However, "[p]ostreadiness delay is chargeable to the People when it is attributable to their inaction and directly implicates their ability to proceed to trial" (People v Chrysler, 152 AD3d at 826 [internal quotation marks and citation omitted]). As relevant here, any period of delay occasioned by a defendant's detention in another jurisdiction is excluded, "provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial" (CPL 30.30 [4] [e]).
At the latest, the People became aware that defendant was in the custody of DOCCS at the May 13, 2019 appearance, and they requested to have the arraignment adjourned to "May 28th, as soon as we can get [defendant] from downstate." Yet, the record reflects that the People engaged in no efforts [*4]to have defendant produced until May 29, when they filed their application pursuant to CPL 560.10, and we reject their generic assertion that this constituted diligent and reasonable efforts (compare People v Pellis, 159 AD3d 1347, 1348 [4th Dept 2018], lv denied 31 NY3d 1151 [2018]; People v Durham, 148 AD3d 1293, 1294 [3d Dept 2017], lv denied 29 NY3d 1091 [2017]; People v Williams, 229 AD2d 603, 603 [2d Dept 1996], lv denied 89 NY2d 931 [1996]).[FN3] The People could not proceed to trial without having first arraigned defendant and because the delay was caused by the People's own inaction, the 16 days from May 13 through May 29 are chargeable to the People, thus exceeding the seven days remaining on the speedy trial clock. As such, we conclude that the People were not ready for trial within the applicable six-month statutory period (see People v Babbs, 232 AD2d 496, 497 [2d Dept 1996]; People v Wojciechowski, 143 AD2d 164, 165-166 [2d Dept 1988], lv denied 73 NY2d 861 [1988]; People v Greenwaldt, 103 AD2d at 933-934; compare People v Lloyd, 141 AD2d 669, 670 [2d Dept 1988], lv denied 73 NY2d 787 [1988]; contra People v Taylor, 57 AD3d at 1518-1519).
Having concluded that defense counsel failed to make a meritorious speedy trial motion, we must determine whether this failure, alone, was so egregious and prejudicial as to amount to ineffective assistance (see People v Henderson, 28 NY3d at 65). We reject the People's contention that this speedy trial motion involved the resolution of various novel and complex issues (see People v Brunner, 16 NY3d 820, 821 [2011]), as it has long been settled in this Department that CPL 560.10 (1) (a) imposes upon the People a "responsibility to petition the trial court for an order producing defendant for 'arraignment or prosecution' " (People v Greenwaldt, 103 AD2d at 933, quoting CPL 560.10) — a principle which is not diminished by the Fourth Department's contradictory holding in People v Taylor (57 AD3d at 1518-1519; cf. Matter of Centurylink Communications, LLC v Schmidt, 199 AD3d 1084, 1088 [3d Dept 2021]). As such, and noting that the timeline underlying the speedy trial analysis is uncontroverted,[FN4] we find that defendant was denied meaningful representation due to defense counsel's failure to pursue a meritorious speedy trial motion and, thus, his motion to vacate should have been granted (see People v Devino, 110 AD3d 1146, 1149 [3d Dept 2013]). Lastly, as the time to prosecute defendant under this indictment has expired, the indictment must be dismissed.
Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment and the order are reversed, on the law, motion to vacate granted and indictment dismissed.

Footnotes

Footnote 1: The provisions of CPL article 245 are not applicable to this case, which was indicted before January 1, 2020, the effective date of that legislation (see L 2019, ch 59, part LLL, § 2; see also CPL 30.30 [5]; People v King, ___ NY3d ___, ___, 2024 NY Slip Op 03322, *1-2 [2024]; cf. People v Duggins, 192 AD3d 191, 193-195 [3d Dept 2021], lv denied 36 NY3d 1096 [2021]).

Footnote 2: Neither People v Goss nor People v Carter addresses CPL 560.10, so we reject the People's contention that those cases should be read to overrule People v Greenwaldt.

Footnote 3: The People did not assert that any other period should be excluded from the speedy trial calculation.

Footnote 4: Notably, during oral argument on this appeal, counsel for both parties reaffirmed that there were no disputes as to the facts or the timeline and, as such, that no hearing was necessary.