People v Ferrara (2025 NY Slip Op 06099)

People v Ferrara

2025 NY Slip Op 06099

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CR-23-1852
[*1]The People of the State of New York, Respondent,
v
John Ferrara, Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Lynch, Fisher and Mackey, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Angela Kelley, Special Prosecutor, East Greenbush, for respondent.

Pritzker, J.P.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), rendered September 15, 2023 in Albany County, upon a verdict convicting defendant of the crime of predatory sexual assault against a child.
In October 2021, defendant was charged by indictment with one count of predatory sexual assault against a child. The charge stemmed from a period between February 2016 and June 2018 when defendant babysat the victim at his residence and allegedly engaged in sexual conduct with the victim. In October 2022, defendant successfully moved to dismiss the indictment on the basis that it erroneously stated the victim's date of birth, rendering the indictment jurisdictionally defective. Days later, the People re-presented the case to a grand jury, which returned a second indictment for the same charge based upon the same allegations with the victim's correct date of birth. After an unsuccessful CPL 30.30 motion, the matter proceeded to trial, after which defendant was convicted as charged. Thereafter, defendant was sentenced to a prison term of 25 years to life. Defendant appeals.
Defendant asserts that his conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence given that there was no formal investigation conducted, no specified date and time when the criminal conduct occurred and because the only direct evidence was the victim's testimony. Defendant, however, failed to raise these specific contentions in his motion for a trial order of dismissal, thus his legal sufficiency arguments are unpreserved (see People v Burdo, 210 AD3d 1306, 1307 [3d Dept 2022], lv denied 39 NY3d 1077 [2023]). "Even so, his weight of the evidence challenge, which does not require preservation, obliges this Court to assess whether each element of the crime[ ] for which he was convicted was proven beyond a reasonable doubt" (People v Monk, 237 AD3d 1250, 1251 [3d Dept 2025] [internal quotation marks and citations omitted]). As relevant here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96). Also as relevant here, "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration . . . he or she, being [18] years old or more, engages in two or more acts of sexual conduct, which include at least one act of sexual intercourse . . . [or] oral sexual conduct . . . with a child less than 13 years old" (Penal Law § 130.75 [1] former [b]).
The victim, who testified that she was born in June 2010, explained that defendant and his girlfriend babysat her and her brother, sometimes overnight. The victim testified that when defendant and the girlfriend lived in a prior residence in the City of Watervliet, Albany County, defendant [*2]brought the victim into his bedroom while the girlfriend and the brother were in another room. In his bedroom, defendant forced the victim to perform oral sex on him and "sometimes he [would] touch [her] with his penis down into [her] vagina." The victim testified that these acts occurred two to three times a week after defendant and the girlfriend moved from Watervliet to the Village of Green Island, Albany County, which testimony of other witnesses established occurred in February 2016, and continued until the victim's eighth birthday in June 2018, and that these acts occurred in defendant's bedroom, on the couch and in the kitchen. The victim's mother testified that one day, when she picked up the victim from defendant's residence, defendant had to go wake up the victim, who was napping in his bedroom, and when the victim emerged from the bedroom she was wearing only defendant's shirt and her underwear. The victim's older sister testified that, when picking up the victim from defendant's residence, she observed the victim lying in bed with defendant, albeit with clothes on. The victim's sister told defendant and the girlfriend that the victim should not be lying in bed with defendant, but this continued to occur. For his part, defendant testified that at no time was he ever alone with the victim, even in the bedroom, and testified that she would spend most of her time with the girlfriend. According to defendant, when the victim stayed the night, she would sleep with the girlfriend in the bedroom, and he would always sleep on the couch. Defendant denied ever forcing the victim to perform oral sex on him or engage in sexual intercourse with him.
Based on our review of the entirety of the testimony at trial, we cannot say that a different verdict would have been unreasonable given the victim's and defendant's contrary testimony, which "presented a classic he-said she-said credibility determination for the jury to resolve" (People v Kiah, 156 AD3d 1054, 1056 [3d Dept 2017] [internal quotation marks and citation omitted], lv denied 31 NY3d 894 [2018]; see People v Njoku, 218 AD3d 1047, 1050 [3d Dept 2023], lv denied 40 NY3d 1093 [2024]). Clearly, the jury found the testimony of the victim to be more credible than that of defendant, a determination to which we accord deference (see People v Monk, 237 AD3d at 1253; People v Dennis, 221 AD3d 1278, 1280 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]). "Thus, viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we find the verdict . . . to be in accord with the weight of the evidence" (People v Watkins, 180 AD3d 1222, 1230 [3d Dept 2020] [citation omitted], lv denied 35 NY3d 1030 [2020]; see People v Christie, 224 AD3d 1097, 1100 [3d Dept 2024]).
We find no merit to defendant's contention that Supreme Court erroneously denied his motion to dismiss based upon a violation of his statutory right to a speedy trial. "Where, as here, a defendant is charged [*3]with at least one felony, the People have six months within which they must be actually ready to proceed to trial; the calculation of such time requires computing the time elapsed from the filing of the first accusatory instrument until the People's declaration of readiness for trial, subtracting any prereadiness delays that are excludable and then adding any postreadiness delays that are actually attributable to the People and ineligible for exclusion" (People v McCarty, 221 AD3d 1360, 1361 [3d Dept 2023] [citations omitted], lv denied 40 NY3d 1093 [2024]; see CPL 30.30 [1] [a]; [4]; People v Catalan, 204 AD3d 1240, 1241 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]). "When a new indictment supplants an earlier one in the same criminal action, the six-month readiness period relates back to the original accusatory instrument" (People v Flowers, 240 AD2d 894, 895 [3d Dept 1997] [citations omitted], lv denied 90 NY2d 1011 [1997]; see People v Skinner, 211 AD2d 979, 979 [3d Dept 1995], lv denied 86 NY2d 741 [1995]). "Even if the first indictment is dismissed as jurisdictionally defective, the six-month readiness period still begins to run from the time of the first accusatory instrument. In so computing, it must be noted that all of the time between that first accusatory instrument and the filing of a notice of readiness on the second indictment is not automatically chargeable to the People" (People v Flowers, 240 AD2d at 895 [citations omitted]). As relevant here, "[i]n a prosecution involving a single defendant, delay resulting from motion practice is not chargeable to the People" (People v Chrysler, 152 AD3d 825, 827 [3d Dept 2017], lv denied 30 NY3d 948 [2017]).
In his motion to dismiss, defendant argued that 483 days had elapsed from June 29, 2021, when the initial accusatory instrument was filed, to October 25, 2022, the date on which the People filed their statement of trial readiness and certificate of compliance on the second indictment.[FN1] In response, the People argued that the time between November 19, 2021, when Supreme Court set a motion schedule for defendant's motions after the People declared readiness on the first indictment, and October 17, 2022, when defendant's motion to dismiss the first indictment as jurisdictionally defective was granted, was excludable under CPL 30.30 (4) as those 332 days were "devoted to pre-trial motions and the [c]ourt's decision on those motions and scheduling of trial." As such, the People argued that only 151 days were attributable to their delay, well within the six-month time period set forth in CPL 30.30. Given the foregoing, we discern no error in Supreme Court's denial of defendant's CPL 30.30 motion as the People met their burden in establishing that the 332 days were devoted to pretrial motions, Supreme Court's decision on those motions and the scheduling of trial and thus should be excluded, rendering the People ready for trial within the statutorily required six-month time frame (see People v Pope[*4], 96 AD3d 1231, 1232-1233 [3d Dept 2012], lv denied 20 NY3d 1064 [2013]; People v Hicks, 55 AD3d 1138, 1142 [3d Dept 2008], lv denied 12 NY3d 758 [2009]; see also People v Chrysler, 152 AD3d at 827).
Nor are we persuaded by defendant's assertion that the second indictment should be dismissed as the time frame alleged by the People in the indictment was unreasonably overbroad and deprived defendant of the ability to conduct a defense. "The purpose of an indictment is to provide a defendant with fair notice of the charges against him or her, and of the manner, time, and place of the conduct underlying the accusations, so as to enable the defendant to answer the charges and prepare an adequate defense" (People v Smith, 137 AD3d 1323, 1325 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 974 [2016]). "When a crime may be committed by multiple acts over time and is amenable to characterization as a continuing crime, . . . the count in the charging instrument may properly allege that the single offense was committed over a significant period of time" (People v Shack, 86 NY2d 529, 540 [1995] [internal quotation marks and citations omitted]; accord People v Crumedy, 203 AD3d 1240, 1242 [3d Dept 2022]). Here, the indictment charged defendant with predatory sexual assault of a child based upon his commission of the crime of course of sexual conduct against a child in the first degree, which requires, among other things, that the conduct occur "over a period of time not less than three months in duration" (Penal Law § 130.75 [1] former [b]). The period of time set forth in the indictment represents a time frame in excess of two years. During the victim's testimony, she recalled multiple incidents occurring between when she was six and eight years old, which was consistent with the February 2016 to June 2018 time period in the indictment. Considering the victim's young age and that she was recalling events from several years prior, as well as the nature of the charge (see People v Johnson, 24 AD3d 967, 968 [3d Dept 2005], lv denied 6 NY3d 814 [2006]; People v Keefer, 262 AD2d 791, 792 [3d Dept 1999], lv denied 94 NY2d 824 [1999]), Supreme Court did not err in denying defendant's motion to dismiss as the time frame set forth in the indictment was reasonable and did not deprive defendant of the ability to prepare a defense (see People v Wolf, 151 AD3d 1459, 1460 [3d Dept 2017], lv denied 32 NY3d 1179 [2019]; People v Weber, 25 AD3d 919, 922-923 [3d Dept 2006], lv denied 6 NY3d 839 [2006]; compare People v Crumedy, 203 AD3d at 1242-1243).
Finally, we discern no error in Supreme Court denying defendant's request to grant a mistrial after the victim's brother spit on defendant in view of the jury. "Whether to grant a mistrial is committed to the sound discretion of the trial court where an error or legal defect in the proceedings, or conduct inside or outside the courtroom, is prejudicial to the defendant and deprives him or her [*5]of a fair trial" (People v Sammeth, 190 AD3d 1112, 1116 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 36 NY3d 1123 [2021]). At trial, the brother was called to testify on behalf of the People and, upon entering the courtroom, he refused to remove his hood as instructed. Then, in the jury's presence, the brother spat on defendant and then uttered profanity as he was being removed from the courtroom. Supreme Court immediately instructed the jury that what occurred was "not evidence" and it was "nothing for [the jury] to consider." Defendant moved for a mistrial and, after discussions with defendant and the People, the court questioned each juror about whether they could continue to be fair and impartial following the outburst. During questioning, each juror stated that they could remain fair and impartial. Following the questioning of each juror, the People took the position that each juror confidently affirmed that they could remain fair and impartial and follow the court's instruction and therefore, the court should proceed. Defendant contested the People's characterization as "confident" and contended that a mistrial is the appropriate remedy. The court determined that it would continue the trial and provide curative instructions to the jury instructing them to disregard the outburst they witnessed. "In view of the foregoing, the court providently exercised its discretion in denying the motion and ameliorated any prejudice with a curative instruction and a direction to the jury to disregard [what occurred]" (People v Lamb, 211 AD3d 1345, 1346-1347 [3d Dept 2022] [internal citations omitted]; see People v Harp, 20 AD3d 672, 673 [3d Dept 2005], lv denied 5 NY3d 852 [2005]).[FN2] We have examined defendant's remaining contentions and find them to be without merit.
Reynolds Fitzgerald, Lynch, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent defendant is contending that Supreme Court erred in failing to inquire as to the People's actual readiness for trial on the second indictment, this argument is unpreserved as defendant failed to move to dismiss the indictment on such grounds (see People v Stoby, 232 AD3d 1298, 1298 [4th Dept 2024], lv denied 43 NY3d 947 [2025]).

Footnote 2: To the extent preserved, we do not find that Supreme Court abused its discretion in limiting the scope of defendant's questioning to "whether or not [the jurors] can be fair and impartial and whether they can follow the [c]ourt's instructions to disregard [the brother's actions]" (see generally People v Gaylord, 194 AD3d 1189, 1190 [3d Dept 2021], lv denied 37 NY3d 972 [2021]).